**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| ARTI ZADOURIYAN,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. EDCV 26-3935-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On July 14, 2026, Arti Zadouriyan (A# 078-168-653) ("Petitioner"), who is represented by counsel and is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), along with supporting exhibits, claiming that his ongoing detention violates his Fifth Amendment due process rights.[1] (Dkt. No. 1). On July 22, 2026,

[1] As noted further below, Petitioner previously challenged his ICE detention in a § 2241 petition filed in this Court on May 4, 2026, and the Court denied it on May 29, 2026. See Case No. EDCV

Respondents filed an Answer, contending that Petitioner has failed to exhaust administrative remedies by requesting a bond hearing and that he otherwise fails to demonstrate that his ongoing detention is unlawful. (Dkt. No. 8). Petitioner followed with a Reply the next day, arguing that a bond hearing would not cure the asserted violation of due process. (Dkt. No. 9).

For the reasons stated below, the Petition is DENIED.[2]

**BACKGROUND**

Petitioner, a native and citizen of Iran, has resided in the United States for over two decades and has been a lawful permanent resident since August 23, 2000. (Petition ¶¶ 25-26).

Between 2008 and 2011, he was convicted of multiple offenses in Los Angeles County Superior Court, including possession of methamphetamine (Cal. Health & Safety Code § 11377(a)) on April 25 and June 3, 2008, for which he was sentenced to twenty-six days in jail and three years of probation; and two counts of identity theft (Cal. Penal Code § 530.5(a)) and one count of access card information theft (Cal. Penal Code § 484e(d)) on September 20,

---

26-2322-AS ("Prior Case"). In the present Petition, he asserts that he does not seek reconsideration of the Court's decision in that case, as he instead challenges only his "current detention, which now exists under a materially different factual and legal posture than the one previously before the Court." (Petition ¶¶ 2-3).

[2] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-6).

2011, for which he was sentenced to 180 days in jail and three years of probation. (See Prior Case, Dkt. No. 1 at 19, Dkt. No. 7-1 at 1).

Shortly after the latter conviction, on September 29, 2011, he was referred to ICE by the Los Angeles County Jail as a possible foreign-born inmate requiring an ICE interview. (See Prior Case, Dkt. No. 11-1 at 1). That interview resulted in a determination that Petitioner was not amenable to ICE enforcement at the time. (Id.).

On January 23, 2015, Petitioner applied for admission at Los Angeles International Airport as a returning permanent resident, and an immigration officer took his sworn statement. (See Prior Case, Dkt. No. 1 at 19, Dkt. No. 11-1 at 1). After then reviewing Petitioner's immigration file and criminal record, immigration authorities determined that he was inadmissible. (Prior Case, Dkt. No. 11-1 at 1).

On May 26, 2017, the United States Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as removable under section 212(a)(2)(A)(i)(I)-(II) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I)-(II). (Prior Case, Dkt. No. 1 at 19, Dkt. No. 11-1 at 1).

About a month later, on June 29, 2017, Petitioner was encountered by ICE at the Los Angeles County Jail following his

arrest for possession of a controlled substance. (Prior Case, Dkt. No. 11-1 at 1).

On April 6, 2018, an immigration judge ordered Petitioner removed to Iran, in absentia. (Prior Case, Dkt. No. 11-1 at 2).

Subsequently, DHS lodged an immigration detainer against Petitioner on numerous occasions when he was arrested by local law enforcement authorities. Specifically, DHS lodged immigration detainers (1) on April 20, 2018, when it was alerted to Petitioner's Los Angeles County arrest for possession of a controlled substance; (2) on May 1, 2018, when it was alerted to Petitioner's encounter with the Glendale Police Department; (3) on June 29, 2018, when it was alerted to Petitioner's encounter with the Los Angeles Police Department for shoplifting; (4) on July 24, 2018, when it was alerted to Petitioner's Los Angeles County arrest for possession of a controlled substance; (5) on July 31, 2018, when it was alerted to Petitioner's encounter with the Glendale Police Department for possession of a controlled substance; (6) on October 24, 2018, when it was alerted to Petitioner's Los Angeles County arrest for theft and possession/purchase of a controlled substance; (7) on July 23, 2019, when it was alerted to Petitioner's arrest by the Glendale Police Department for transport of a controlled substance; (8) on November 7, 2019, when it was alerted to Petitioner's custody by the Glendale Police Department; and (9) on December 22, 2019, when it was alerted to Petitioner's custody by the Glendale Police Department. (Prior Case, Dkt. No. 11-1 at 2). Notwithstanding the

immigration detainers lodged against him, Petitioner was not taken into immigration custody on any of these occasions.

During this period, Petitioner was convicted of several criminal offenses in Los Angeles County Superior Court, including petty theft (Cal. Penal Code § 490.2(a)) on January 23, 2019, for which he was sentenced to thirty days in jail; the transport/sale of a controlled substance (Cal. Health & Safety Code § 11379(a)) on April 18, 2019, for which he was sentenced to three years in jail and three years of probation; and fighting in public (Cal. Penal Code § 415(1)) on February 10, 2020, for which he was sentenced to thirty days in jail. (Prior Case, Dkt. No. 7-1 at 2). Additionally, on October 18, 2022, he was convicted of shoplifting (Cal. Penal Code § 459.5) and sentenced to a year of probation. (Id.).

Petitioner's prior criminal matters have been fully resolved, as he has completed all required sentences, has no pending charges, and has since "demonstrated rehabilitation and long-term compliance with the law." (Prior Case, Dkt. No. 1 at 7). More recently, he initiated post-conviction proceedings seeking vacatur of his convictions. (Petition ¶¶ 10, 56).

On March 22, 2026, ICE arrested Petitioner and placed him into custody, without notice or any individualized custody determination. (Petition ¶ 37; Prior Case, Dkt. No. 1 at 5). On May 4, 2026, he filed a § 2241 petition in this Court challenging his arrest and detention on due process grounds. (Prior Case, Dkt.

No. 1). Respondents filed an Answer on May 11, 2026, arguing that Petitioner's detention was authorized under Zadvydas v. Davis, 533 U.S. 678 (2001), due to his final removal order. (Prior Case, Dkt. No. 7). On May 12, 2026, Petitioner filed a Reply clarifying that his challenge did not concern Zadvydas's holding regarding unreasonably prolonged detention, but rather the constitutionality of his arrest "without meaningfully individualized review," including "pre-deprivation process." (Prior Case, Dkt. No. 9). The Court subsequently ordered the parties to file supplemental briefs to clarify the record, and the parties did so. (Prior Case, Dkt. Nos. 10-12). On May 29, 2026, the Court denied the petition because Petitioner was lawfully detained pursuant to a removal order, and he was not entitled to a pre-detention hearing, unlike noncitizens who are re-detained after a prior release on bond. (Prior Case, Dkt. Nos. 13-14).

Subsequently, Petitioner filed in the immigration court a motion to reconsider and a motion to reopen his immigration proceedings, and an immigration judge granted those motions on July 2, 2026, and rescinded Petitioner's removal order upon finding that Petitioner had not been properly served with the Notice to Appear in advance of that order. (Petition ¶¶ 43-45, Ex. B).

**DISCUSSION**

As Petitioner points out, the circumstances of his detention have materially changed since this Court denied his previous § 2241 petition. In particular, whereas he was then subject to a final

order of removal and thus detained pursuant to 8 U.S.C. § 1331(a), that removal order has since been rescinded, and his removal proceedings were reopened on July 2, 2026 (see Petition ¶¶ 43-45, 81-84, Ex. B). As such, he is now detained under a different provision, 8 U.S.C. § 1226(a), which authorizes detention of noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); see Prieto-Romero v. Clark, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Section 1226(a) on its face authorizes the detention of [noncitizens] during the removal order review process."). Detention under § 1226(a) is "discretionary" and "provides for release on bond or conditional parole." Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023). Section 1226(a) and its implementing regulations provide extensive procedural protections, including the right to bond hearings "before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1102 (C.D. Cal. 2025) (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), appeal filed, 9th Cir. Case Nos. 25-7958, 26-1044.

Petitioner, however, does not seek a bond hearing. He asks only for immediate release from custody, along with prospective injunctive relief regarding re-detention after release. (See Petition at 26-27, 31, 34-35; Reply at 15-16). As Respondents note, Petitioner is able to submit an administrative request for a bond

hearing before an immigration judge, but he has declined to do so. (See Answer at 1). He does not dispute this.

He argues that a bond hearing at this point would fail to cure the "already completed due process violation," which was the denial of "pre-deprivation process." (See Petition ¶¶ 166-70; Reply at 2-3). However, this Court already found, in Petitioner's previous case, that there was no such due process violation because he had no right to pre-deprivation process when arrested – at which time he was subject to a final removal order and was not on supervised release. (See Prior Case, Dkt. No. 13 at 8-13). The Court will not revisit its conclusions on that point. Although the legal grounds for his detention have since changed, that change cannot retroactively alter the process he was due when arrested.

Otherwise, Petitioner fails to demonstrate that his current detention violates due process. As noted, the government has discretion to detain him under § 1226(a), and he retains the right to seek release on bond in a hearing before an immigration judge, among other procedural protections that have been upheld as sufficient for due process. See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1203-14 (9th Cir. 2022). He fails to point to any fact that distinguishes his case in a way that makes those existing protections inadequate. That he has now been detained for over four months, or that his detention began under a removal order that was later rescinded, is not enough.

**ORDER**

Accordingly, the Court DENIES the Petition.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 7, 2026

_______________/s/______________
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE